**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

                Case No.  04-33146

JUNG LIM LEE

      Debtor

NINA SUH

      Plaintiff

   v.                         Adv. Proc. No.  06-3075

ROBERT L. DAVIS and
NEW CENTURY MORTGAGE

      Defendants

**MEMORANDUM ON DEFENDANTS' MOTION
<u>FOR SUMMARY JUDGMENT</u>**

**APPEARANCES:**    BYRON D. BRYANT, ESQ.
                           4616 Mill Branch Lane
                           Knoxville, Tennessee  37938
                           Attorney for the Plaintiff

                      HIX & GRAY, PLC
                           Frank H. Reeves, Esq.
                           Marshal L. Hix, Esq.
                           1620 AmSouth Center
                           315 Deadrick Street
                           Nashville, Tennessee  37238-1620
                           Attorneys for the Defendants

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding was commenced on March 31, 2006, upon the filing of a Notice of Removal by the Defendants, Robert L. Davis (Mr. Davis) and New Century Mortgage, removing the Complaint to Enforce Judicial Lien (Complaint) filed by the Plaintiff on March 3, 2006, in the Chancery Court for Knox County, Tennessee. Mr. Davis filed an Answer on May 9, 2006, and New Century Mortgage filed its Answer on June 5, 2006.

Presently before the court is the Motion by Defendants for Summary Judgment (Motion for Summary Judgment) filed jointly by the Defendants on September 15, 2006, arguing that no genuine issues of material fact exist, and they are entitled to judgment as a matter of law. Accompanying the Motion for Summary Judgment are the Statement of Material Facts of Defendants Robert L. Davis and New Century Mortgage Corporation (Statement of Material Facts) and a Memorandum of Law in Support of Motion by Defendants Robert L. Davis and New Century Mortgage Corporation for Summary Judgment.

The Defendants also rely upon the Affidavit of Toni T. Harris, Manager of West Knox Title Agency, and the following six exhibits appended thereto[1]: (A) the results of a title search by National Land Title Services, Inc. dated May 17, 2005 (Title Report); (B) a Warranty Deed dated September 30, 1998, between Robert and Teresa Greer, Grantors, and the Debtor and Hoon Choe, Grantees (September 30, 1998 Warranty Deed); (C) a Deed of Trust dated September 28, 2001, between the Debtor and Hoon Choe, "Borrowers," and Branch Bank & Trust Company, "Lender"

---

[1] All of these exhibits, with the exception of (F), relate to real property located at 1107 Garrison Ridge Boulevard, Knoxville, Tennessee, which is the subject of this adversary proceeding.

(September 28, 2001 Deed of Trust)[2]; (D) the Knox County Property Tax History for 1107 Garrison Ridge Boulevard, Knoxville, Tennessee, from 1996 through 2004 (Tax History Statement); (E) an Affidavit as to Liens and Encumbrances executed by the Debtor and Hoon Choe; and (F) photocopies of the Tennessee Driver's Licenses for the Debtor and Hoon Choe.

The Plaintiff did not file a response to the Motion to Summary Judgment or to the Statement of Material Facts. Therefore, the court will construe the Plaintiff's failure to file a response "to mean that the respondent does not oppose the relief requested by the motion." E.D. Tenn. LBR 7007-1. Additionally, because the Plaintiff did not respond to the Statement of Material Facts, "the material facts set forth in the movant's statement will be deemed admitted." E.D. Tenn. LBR 7056-1. Finally, pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of the documents filed in the Debtor's bankruptcy case.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (O) (West 2006).

# I

On September 30, 1998, the Debtor and Hoon Choe[3] acquired title to real property located at 1107 Garrison Ridge Boulevard, Knoxville, Tennessee 37922 (Garrison Ridge Property). STMT.

---

[2] This exhibit is comprised of only four pages of the fifteen page Deed of Trust and the property description appended thereto.

[3] The Statement of Material Facts refers to "Hoon Chou;" however, the Title Report, the September 30, 1998 Warranty Deed, the September 28, 2001 Deed of Trust, the Affidavit as to Liens and Encumbrances, and the photocopy of his Driver's License, attached to the Affidavit of Ms. Harris, reflect that the proper spelling of his name is "Hoon Choe." For the purposes of this Memorandum, Hoon Chou and Hoon Choe are one and the same person.

OF MATERIAL FACTS, at ¶ 6; AFF. T. HARRIS, at ¶ 4; EX. B; COMPL. EX. B. The Debtor's name, as set forth in the September 30, 1998 Warranty Deed, is "Jung Lim Lee." STMT. OF MATERIAL FACTS, at ¶ 7; AFF. T. HARRIS, at ¶ 4; EX. B; COMPL. EX. B. Also on September 30, 1998, Mr. Choe, the Debtor, and her husband, A. H. Fowler, executed a Deed of Trust in favor of GreenPoint Mortgage Corp., granting it a lien on the Garrison Ridge Property (September 30, 1998 Deed of Trust). STMT. OF MATERIAL FACTS, at ¶ 8; COMPL. EX. C. The Debtor's name, as set forth in the September 30, 1998 Deed of Trust, is "Jung Lim Lee." STMT. OF MATERIAL FACTS, at ¶ 9; COMPL. EX. C.

On February 9, 2004, the Plaintiff obtained a Default Judgment in the amount of $38,000.00 against the Debtor (Default Judgment), in the name of "Jung L. Fowler" rather than "Jung L. Lee." STMT. OF MATERIAL FACTS, at ¶ 1; COMPL. EX. A. The Debtor filed her Chapter 7 bankruptcy case on June 14, 2004. STMT. OF MATERIAL FACTS, at ¶ 2. The Debtor's Schedule F lists the Plaintiff's Judgment in the amount of $38,000.00 as an unsecured claim. STMT. OF MATERIAL FACTS, at ¶ 3. The Plaintiff recorded a certified copy of the Default Judgment with the Register of Deeds for Knox County, Tennessee on April 19, 2005, more than ten months after the Debtor filed for bankruptcy, without obtaining relief from the automatic stay. STMT. OF MATERIAL FACTS, at ¶ ¶ 4, 5. The Default Judgment has not been satisfied. COMPL., at ¶ 5; ANS., at ¶ 5.

On June 17, 2005, one year after she filed for bankruptcy, the Debtor and Mr. Choe conveyed the Garrison Ridge Property to Mr. Davis. STMT. OF MATERIAL FACTS, at ¶ 10; AFF. T. HARRIS, at ¶ 3. The closing was conducted by West Knox Title Agency, through its manager, Toni T. Harris. STMT. OF MATERIAL FACTS, at ¶ 13; AFF. T. HARRIS, at ¶ ¶ 2. 3. The Debtor's name, as set forth in

4

the Warranty Deed from the Debtor and Mr. Choe to Mr. Davis, is "Jung Lim Lee."  STMT. OF MATERIAL FACTS, at ¶ 11; COMPL. EX. D.  At the closing, the Debtor and Mr. Choe executed an Affidavit as to Liens and Encumbrances, in which they affirmed "that there are no outstanding . . . Judgment Liens" on the Garrison Ridge Property.  STMT. OF MATERIAL FACTS, at ¶ ¶ 20; AFF. T. HARRIS, at ¶ 5; EX. E.  Additionally, on June 17, 2005, Mr. Davis executed a Deed of Trust in favor of New Century Mortgage, granting it a lien on the Garrison Ridge Property to secure a loan in the amount of $173,600.00.  STMT. OF MATERIAL FACTS, at ¶ 12; AFF. T. HARRIS, at ¶ 3; COMPL. EX. E.

Prior to the June 17, 2005 transfer by the Debtor and Mr. Choe to Mr. Davis, West Knox Title Agency, through Ms. Harris, obtained a title search from National Land Title Services, Inc. which showed title to the Garrison Ridge Property vested in the Debtor and Mr. Choe pursuant to the September 30, 1998 Warranty Deed and subject to a lien in favor of Branch Banking & Trust Company pursuant to the September 28, 2001 Deed of Trust.  STMT. OF MATERIAL FACTS, at ¶ 14; AFF. T. HARRIS, at ¶ 4; EX. A; EX. B; EX. C.  The Debtor's name, as set forth in the September 28, 2001 Deed of Trust, is "Jung Lim Lee," and she is described as "widowed and unmarried."  STMT. OF MATERIAL FACTS, at ¶ 15; AFF. T. HARRIS, at ¶ 4; EX. C.  The Knox County Property Tax History obtained with the title search identifies the owners of the Garrison Ridge Property as "Lee Jung Lim and Hoon Cheo[4]."  STMT. OF MATERIAL FACTS, at ¶ 16.; AFF. T. HARRIS, at ¶ 4; EX. D.  In association with the closing, Ms. Harris examined and obtained a copy of the Debtor's driver's license, which identifies her as "Jung Lim Lee."  STMT. OF MATERIAL FACTS, at ¶ ¶ 17, 18; AFF. T.

---

[4] See *supra n*.3.

HARRIS, at ¶ 6; EX. F.  West Knox Title Agency did not uncover any documentation indicating or advising that the Debtor was also known as "Jung L. Fowler" or "Jung Lim Fowler," nor did the Debtor identify herself in that manner.  STMT. OF MATERIAL FACTS, at ¶ 19; AFF. T. HARRIS, at ¶ 7.

## II

The Defendants removed this proceeding from the Chancery Court for Knox County, Tennessee pursuant to 11 U.S.C.A. § 1452 (West 2006), which states, in part:

> (a)  A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C.A. § 1452(a); *see also* FED. R. BANKR. P. 9027.

Jurisdiction over bankruptcy matters is exclusive to the federal courts pursuant to 28 U.S.C.A. § 1334 (West 2006), which provides as follows:

> (a)  Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b)  Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
>
> (c)(1)  Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

> (c)(2)  Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
>
> (d)  Any decision to abstain or not to abstain made under this subsection (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.  This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.
>
> (e)  The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

28 U.S.C.A. § 1334.  This limited subject matter jurisdiction may not be waived, and it may be raised at any time.  *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992); *Robinson v. Mich. Consol. Gas Co., Inc.*, 918 F.2d 579, 582 (6th Cir. 1990); *Matuscak v. United States Bankr. Ct. Clerk (In re Rini)*, 782 F.2d 603, 608 (6th Cir. 1986) ("It is well established that parties cannot somehow waive jurisdictional objections, nor can they consent to the jurisdiction of a court when that court lacks jurisdiction over the subject matter of their dispute.").  The party alleging federal court jurisdiction bears the burden of proof.  *Kmart Creditor Trust v. Conaway (In re Kmart Corp.)*, 307 B.R. 586, 590 (Bankr. E.D. Mich. 2004).

Section 1334 is implemented through 28 U.S.C.A. § 157 (West 2006) by allowing bankruptcy courts to hear "core proceedings," which encompass all actions arising under title 11 and/or arising in a case under title 11.  Included among those proceedings designated "core" are "matters concerning the administration of the estate," 28 U.S.C.A. § 157(b)(2)(A), "determinations

7

of the validity, extent, or priority of liens," 28 U.S.C.A. § 157(b)(2)(K), and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims," 28 U.S.C.A. § 157(b)(2)(O), all of which the Defendants argue are implicated. Simply stated, a core proceeding "invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 483 (6th Cir. 1992). Cases "under title 11" refer to the actual bankruptcy cases "commenced in a federal district court or bankruptcy court with the filing of a petition [initiating the bankruptcy]." *Robinson*, 918 F.2d at 583. "Arising in" and "arising under" actions include matters "that arise only in bankruptcy cases" such as adversary proceedings and contested matters concerning issues contained in or provided for by the Bankruptcy Code. *Dally v. Bank One, Chicago, N.A. (In re Dally)*, 202 B.R. 724, 727 (Bankr. N.D. Ill. 1996).

Section 157(c) also allows the bankruptcy court to hear non-core proceedings that are nevertheless "related to" bankruptcy proceedings. Matters are "related to" a bankruptcy case if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Robinson*, 918 F.2d at 583 (quoting *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3d Cir. 1984)). A court may exercise "related to" jurisdiction if there is "some nexus between the action and the debtor's bankruptcy case[,]" *Beneficial Nat'l Bank USA v. Best Reception Sys., Inc. (In re Best Reception Sys., Inc.)*, 220 B.R. 932, 944 (Bankr. E.D. Tenn. 1998), or " if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt

estate." *Robinson*, 918 F.2d at 583 (quoting *Pacor,* 743 F.2d at 994). The court's "related to" jurisdiction is "'comprehensive' but not 'limitless.' It does extend to suits between non-debtor parties, but only if the action has 'an effect on the bankruptcy estate.'" *Best Reception Systems*, 220 B.R. at 944 (quoting *Celotex Corp. v. Edwards*, 115 S. Ct. 1493, 1498 n.5 (1995)).

> Nevertheless,
>
> it is important to note the distinction between the determination of whether a court has jurisdiction over a proceeding and the determination of whether the proceeding is "core" or "non-core." "These aspects of bankruptcy law are not interchangeable. The status of a proceeding as core or non-core does not affect the issue of jurisdiction." *Bank United v. Manley*, 273 B.R. 229, 238 (N.D. Ala. 2001). "Subject matter jurisdiction is the court's authority to entertain an action between the parties before it." *Am. Hardwoods, Inc. v. Deutsche Credit Corp. (In re Am. Hardwoods, Inc.)*, 885 F.2d 621, 624 (9th Cir. 1989). . . . . Whether a matter is "core" or "non-core" under 28 U.S.C. § 157(b) then controls the extent to which the bankruptcy judge may exercise the district court's bankruptcy jurisdiction. *Id*. § 157(c). "The core/noncore determination under 28 U.S.C. § 157(b) and (c) implicates the bankruptcy court's power to render final orders or judgments; it is not a determination that the bankruptcy court either possesses or lacks subject matter jurisdiction over a particular proceeding." *Holly's, Inc. v. City of Kentwood (Matter of Holly's, Inc.)*, 172 B.R. 545, 556 (Bankr. W.D. Mich. 1994)[.]

*Hart v. Logan (In re Hart)*, No. 05-8001, 2005 Bankr. LEXIS 1187, at *7-8 (B.A.P. 6th Cir. June 24, 2005).

Here, the court finds that it does not possess subject matter jurisdiction to adjudicate this matter between these parties. The Plaintiff initially filed this lawsuit in the Chancery Court for Knox County, Tennessee, in order to enforce a judgment lien she recorded against the Garrison Ridge Property in April 2005. In a defensive posture, the Defendants raise the issue of whether the Plaintiff violated the automatic stay when she recorded the Default Judgment obtained against the

9

Debtor post-petition, thus rendering it voidable, to "be voided absent limited equitable circumstances." *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 911 (6th Cir. 1993). Nevertheless, the Sixth Circuit has held, as has this court, that a third party, such as "a solvent third party, garnishee, and potential judgment debtor of [a creditor], does not have standing under § 362 to challenge violations of the automatic stay." *Metro. Life Ins. Co. v. Alside Supply Center (In re Clemmer)*, 178 B.R. 160, 167 (Bankr. E.D. Tenn. 1995). The same applies in this case. The Defendants do not have standing to challenge the Plaintiff's alleged violations of the automatic stay.

Additionally, the Garrison Ridge Property upon which the Plaintiff is asserting the judgment lien, owned by Mr. Davis, is not part of the Debtor's bankruptcy estate, and the court does not have a jurisdictional basis for making any sort of determination with respect thereto. Clearly, at the time the Plaintiff recorded the Default Judgment, the Debtor's interest in the Garrison Ridge Property was property of the Debtor's estate.[5] However, the Debtor sold her interest in the Garrison Ridge Property to Mr. Davis, and the Chapter 7 Trustee has taken no action to avoid the June 17, 2005 transfer, and he alone has the authority to do so. *See* 11 U.S.C.A. § 549 (West 2004). In summary, this is a civil action between third parties and the Debtor regarding property that is not property of the bankruptcy estate.[6] There is no basis for jurisdiction in the bankruptcy court.

---

[5] Mr. Cloe is not a debtor in bankruptcy, and his interest in the Garrison Ridge Property was at no time property of the Debtor's bankruptcy estate.

[6] The fact that the Debtor is a party to this action is irrelevant because the court approved a written waiver of the Debtor's discharge pursuant to an Order entered on October 8, 2004. The automatic stay provisions of 11 U.S.C.A. § 362(a) (West 2004) and the injunctive provisions of 11 U.S.C.A. § 524(a)(2) (West 2004) do not, therefore, serve to preclude the Plaintiff's efforts to enforce her Default Judgment against the Debtor.

## III

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c) (West 2006); *see also* 28 U.S.C.A. § 1452(b) ("The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."); *Things Remembered, Inc. v. Petrarca*, 116 S. Ct. 494, 497 (1995) (finding that §§ 1447 and 1452 "comfortably coexist in the bankruptcy context."). Because the bankruptcy court does not have jurisdiction over this action, it shall be remanded back to the Chancery Court for Knox County, Tennessee.

An order consistent with this Memorandum will be entered.

FILED:  October 31, 2006

>BY THE COURT
>
>*/s/ RICHARD STAIR, JR.*
>
>RICHARD STAIR, JR.
>UNITED STATES BANKRUPTCY JUDGE